**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-5181**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JOSE FIDEL DE PAZ-LOPEZ,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Catherine C. Blake, District Judge.
(1:09-cr-00014-CCB-2)

———————

Submitted:  January 26, 2011     Decided:  February 24, 2011

———————

Before MOTZ, KEENAN, and WYNN, Circuit Judges.

———————

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

———————

A. D. Martin, LAW OFFICE OF ANTHONY D. MARTIN, Greenbelt,
Maryland, for Appellant.   Judson T. Mihok, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Fidel de Paz-Lopez appeals his convictions and 114-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to one count of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951 (2006); and use of a firearm in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924, 2 (2006). The district court sentenced Paz-Lopez to thirty months' imprisonment on the robbery conspiracy, plus eighty-four consecutive months' imprisonment on the firearms count.

Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but alleging the Government acted in bad faith by failing to debrief Paz-Lopez and to consider a downward departure pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (2006). The Government has filed a motion to dismiss the appeal on the basis that Paz-Lopez explicitly waived his right to appeal his sentence in the plea agreement. Paz-Lopez opposes the motion, contending that he did not knowingly agree to the waiver, and that even if the waiver is valid, the Government's bad faith refusal to provide him an opportunity to cooperate is a claim beyond the scope of the waiver. Paz-Lopez filed a pro se supplemental brief also

2

challenging the Government's failure to debrief him and move for a downward departure based on substantial assistance. Paz-Lopez also contends counsel rendered ineffective assistance by failing to explain the consequences of his plea.

We review the validity of a waiver de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

At the plea hearing, the district court fully complied with Fed. R. Crim. P. 11, and specifically ensured that Paz-Lopez understood and agreed to the appellate waiver provision. Accordingly, we find that Paz-Lopez knowingly and voluntarily

3

entered his guilty plea and that his appellate waiver was also knowing and voluntary.

We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168. Paz-Lopez explicitly waived his "right to appeal any sentence within or below the advisory guidelines range resulting from an adjusted offense level of 19, with a seven year consecutive sentence. . . ." Thus, Paz-Lopez's appeal of his within-guidelines sentence resulting from his adjusted offense level of nineteen falls within the scope of that waiver. Accordingly, we grant in part the Government's motion to dismiss the appeal.

The appellate waiver does not, however, foreclose a claim of ineffective assistance of trial counsel. Johnson, 410 F.3d at 151. Nor does it preclude our Anders review of the integrity of the Rule 11 proceeding. Therefore, we deny in part the Government's motion to dismiss the appeal. A defendant may raise a claim of ineffective assistance of counsel "on direct appeal if and only if it conclusively appears from the record that his counsel did not provide effective assistance." United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998). We find that the record does not conclusively establish that trial counsel's assistance fell below an objective standard of reasonableness. Accordingly, we decline to consider this claim

4

on direct appeal.  Finally, to the extent Paz-Lopez claims that the Government breached the plea agreement and acted in bad faith in declining the opportunity for him to cooperate and perhaps earn a reduction in his sentence, we conclude these claims are squarely contradicted by the record.  Wade v. United States, 504 U.S. 181, 184-87 (1992).

In accordance with Anders, we have reviewed the entire record in the case and have found no meritorious issues for appeal outside the scope of the appellate waiver.  We therefore affirm Paz-Lopez's convictions and dismiss the appeal of his sentence.  This court requires that counsel inform Paz-Lopez, in writing, of the right to petition the Supreme Court of the United States for further review.  If Paz-Lopez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Paz-Lopez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART